In the Matter of EDWARD C. FERNBACH (Admitted as EDWARD CURTIS FERNBACH), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 9, 1990

APPEARANCES OF COUNSEL

*Robert H. Straus (Robert J. Saltzman* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of this court dated October 20, 1989, the respondent was suspended from the practice of law until the further order of this court.

In this proceeding the respondent was charged with 10 allegations of professional misconduct. The petitioner moves to confirm the report of the Special Referee which sustained all of the charges against the respondent.

Charge one alleged that during the period from August 1981 to December 1982 the respondent filed and permitted to be filed under his name 1,185 false and misleading retainer statements with the Office of Court Administration, which statements falsely reported that the respondent was the retained attorney when in fact Stuart R. Kramer was the retained attorney. Further, these statements also falsely reported dates, names, addresses, occupations and the relationships of the persons referring the matters.

Charge two alleged that the respondent was retained by a client on June 24, 1981, regarding a personal injury claim, that the claim was settled in August 1982 with the payment of $20,000 by the insurance company, that on September 14, 1982, the settlement proceeds were paid to Stuart R. Kramer, P. C., and that on September 25, 1982, the respondent filed and permitted to be filed under his name with the Office of Court Administration a fraudulent closing statement which falsely reported that the settlement proceeds were distributed only to the clients and to himself.

Charge three alleged that on May 3, 1982, the respondent filed and permitted to be filed under his name a false retainer statement with the Office of Court Administration; that the respondent submitted a fraudulent medical report concerning these clients to the insurance carrier; that on August 30, 1982, an insurance company settled this claim for $7,500; that on September 16, 1982, the settlement check was paid to Stuart R. Kramer, P. C.; that thereafter another insurance company settled the claim for $1,500, which check was deposited into the escrow account of Stuart R. Kramer, P. C.; and that the respondent filed and permitted to be filed under his name

with the Office of Court Administration a closing statement which, *inter alia,* understated the gross amount of the recovery and failed to report that Stuart R. Kramer was participating in the contingent compensation.

Charge four alleged that on July 5, 1982, Stephen R. Kihl, who was an attorney associate of the respondent, was injured in automobile accident, and that on November 9, 1982, the respondent filed and permitted to be filed under his name a retainer statement with the Office of Court Administration falsely indicating that Kihl was referred to him by a former client. The claim was settled for $15,000, and the insurance company check was made payable to Stephen R. Kihl and the respondent as attorney. Thereafter the respondent failed to file a closing statement as required by the rules of this court.

Charge five alleged that between November 1981 and January 1983 the respondent received five checks totaling in excess of $7,700 drawn on the escrow account of Stuart R. Kramer, which payments were disguised as payments to the respondent's wife, also an attorney. These payments represented the respondent's share of settlements of five personal injury matters. The respondent failed to file closing statements with the Office of Court Administration for any of these payments as required by the rules of this court.

Charge six alleged that the respondent, with intent to hinder a Grand Jury investigation into the activities of Stuart R. Kramer, P. C., counselled three witnesses who were clients of Stuart R. Kramer to give false, misleading or evasive testimony to the Grand Jury.

Charge Seven alleged that the respondent made payments to laypersons in order to procure retainers authorizing Stuart R. Kramer, P. C., to perform legal services.

Charge eight alleged that the respondent failed to report to the proper authorities his knowledge that Stuart R. Kramer and Stephen R. Kihl were paying laypersons to solicit contingent fee, personal injury cases, filing false and fraudulent retainer and closing statements with the Office of Court Administration, representing clients with adverse and conflicting interests, and submitting fraudulent claims to insurance carriers.

Charge nine alleged that the respondent was convicted of a "serious crime" in that on June 17, 1986, in the Supreme Court, Kings County, the respondent pleaded guilty to four counts of offering a false instrument for filing in violation of Penal Law § 175.30, a class A misdemeanor.

Charge ten alleged that the respondent knowingly participated in the preparation and presentation of personal injury claims containing false and fraudulent medical bills and reports while associated with the law firm of Stuart R. Kramer, P. C., from August 1980 through April 1985.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The petitioner's motion to confirm the report of the Special Referee is granted.

The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward C. Fernbach, admitted under the name Edward Curtis Fernbach, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward C. Fernbach is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.